1  E. MARTIN ESTRADA
   United States Attorney
2  DAVID M. HARRIS
   Assistant United States Attorney
3  Chief, Civil Division
   JOANNE S. OSINOFF
4  Assistant United States Attorney
   Chief, General Civil Section
5  CHUNG H. HAN (Cal. Bar No. 191757)
   Assistant United States Attorney
6         Federal Building, Suite 7516
          300 North Los Angeles Street
7         Los Angeles, California 90012
          Telephone: (213) 894-0474
8         Facsimile: (213) 894-7819
          E-mail: chung.han@usdoj.gov
9
   Attorneys for Respondent Bryan Birkholz.
10

11              UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                  WESTERN DIVISION

14
   RUDY CAZAREZ,                  No. 2:22-cv-07113-DMG-MRW
15
          Petitioner,             **RESPONDENT'S NOTICE OF**
16                                **MOTION AND MOTION TO DISMISS**
          v.                      **HABEAS PETITION; MEMORANDUM**
17                                **OF POINTS & AUTHORITIES IN**
   BRYAN BIRKHOLZ, Warden,        **SUPPORT THEREOF**
18
          Respondent.            (Filed Concurrently with Declaration of
19                               Yolanda Sanchez and [Proposed] Order)

20
                                Honorable Michael R. Wilner
21                              United States Magistrate Judge

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**PAGE**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 1

I.     INTRODUCTION ............................................................................................ 1

II.    PROCEDURAL BACKGROUND—THE *TORRES/GARRIES* CASE ................ 2

III.   THE INSTANT SECTION 2241 HABEAS PETITION ...................................... 5

IV.    THE BOP ADMINISTRATIVE REMEDY PROGRAM.................................... 7

V.     ARGUMENT................................................................................................... 8

     A.     Petitioner's Challenge to his Conditions of Confinement at FCC
Lompoc Is Not a Valid Basis for § 2241 Habeas Jurisdiction. ..................... 8

     B.     The Petition is Precluded by the *Garries* Settlement Agreement,
Which Released All Class Members' § 2241 Habeas Claims Based
On Alleged Systemic Indifference to COVID-19 Risk at FCC
Lompoc.................................................................................................... 12

     C.     Only the Sentencing Court Can Grant a Compassionate Release............... 14

     D.     The Petition Should Also be Dismissed Because Petitioner Has Failed
to Exhaust His Administrative Remedies. .................................................. 15

VI.    CONCLUSION............................................................................................... 16

i

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**PAGE**

Cases

*Badea v. Cox*,
   931 F.2d 573 (9th Cir. 1991) ...................................................................8, 10

*Bolden v. Ponce*,
   2020 WL 2097751 (C.D. Cal. May 1, 2020) ....................................14

*BOP. Martinez v. Roberts*,
   804 F.3d 570 (9th Cir. 1986) ....................................................16

*Brown v. Rison*,
   895 F.2d 533 (9th Cir. 1990) ....................................................16

*Bruno v. Warden*,
   2021 WL 2323941 (C.D. Cal. May 14, 2021) ...............................9

*Camillo-Amisano v. Ponce*,
   2021 WL 3377237 (C.D. Cal. June 22, 2021) ..........................9, 11

*Crawford v. Bell*,
   599 F.2d 890 (9th Cir. 1979) ......................................................8

*Deerpoint Group Inc. v. Agrigenix, LLC*,
   345 F. Supp. 3d 1207 (E.D. Cal. 2018) .......................................12

*Graf v. Ponce*,
   2022 WL 2102887 (C.D. Cal. Feb. 2, 2022) .................................9

*Halldorson v. Sandi Group*,
   934 F. Supp. 2d 147 (D.D.C. 2013) ...........................................12

*Hernandez v. Campbell*,
   204 F.3d 861 (9th Cir. 2000) ....................................................15

*Hesse v. Sprint Corp.*,
   598 F.3d 581 (9th Cir. 2010) ....................................................13

*Jackson v. City of Twin Falls*,
   2021 WL 982307 (D. Id. Mar. 16, 2021)........................................................11

*Laing v. Ashcroft*,
   370 F.3d 994 (9th Cir. 2004) ...................................................................16

*Luna v. Engleman*,
   2022 WL 1211911 (C.D. Cal. Apr. 25, 2022) ................................8, 11, 12

*Marder v. Lopez*,
   450 F.3d 445 (9th Cir. 2006) ...................................................................12

*Miller v. Ponce*,
   2022 WL 943056 (C.D. Cal. Feb. 8, 2022) ................................................9

*Mitchell v. Engleman*,
   2021 WL 4641945 (C.D. Cal. Sep. 9, 2021) ............................................15

*Muhammad v. Close*,
   540 U.S. 749 (2004).............................................................................8, 10

*Nelson v. Campbell*,
   541 U.S. 637 (2004)................................................................................10

*Nettles v. Grounds*,
   830 F.3d 922 (9th Cir. 2016) .....................................................................8

*Nigro v. Sullivan*,
   40 F.3d 990 (9th Cir. 1994) .....................................................................15

*Oliver v. Jess*,
   2022 WL 1555241 ..................................................................................12

*Preiser v. Rodriguez*,
   411 U.S. 475 (1973)..............................................................................8, 10

*Ramirez v. Galaza*,
   334 F.3d 850 (9th Cir. 2003) .....................................................................8

*Rand v. Carvajal*,
   2021 WL 3411198 (C.D. Cal. May 21, 2021) ..........................................15

iii

*Rodriguez-Aguirre v. Hudgins,*
 739 F. app'x 489 ..................................................................................... 14

*Ruviwat v. Smith,*
 701 F.2d 844 (9th Cir. 1983) .................................................................. 16

*Singh v. Napolitano,*
 649 F.3d 899 (9th Cir. 2011) .................................................................. 16

*Tims v. Von Blanckensee,*
 2021 WL 769692 (C.D. Cal. Jan. 26, 2021) ......................................... 9, 15

*Tody v. Swain,*
 2019 WL 7842560 (C.D. Cal. Nov. 26, 2019) .......................................... 14

*Torres v. Milusnic,*
 472 F. Supp. 3d 713 (C.D. Cal. 2020) ..................................................... 11

*Tyson v. Assa Abloy Door Group, LLC,*
 2016 WL 2903295 (W.D. Tenn. May 18, 2016) ....................................... 12

*United States v. Ono,*
 72 F.3d 101 (9th Cir. 1995) .................................................................... 15

*United States v. Raia,*
 954 F.3d 594 (3d Cir. 2020)................................................................... 14

*Ward v. Chavez,*
 678 F.3d 1042 (9th Cir. 2012) ................................................................ 16

*White v. Lambert,*
 370 F.3d 1002 (9th Cir. 2004) ................................................................ 15

*Williams v. Boeing Co.,*
 517 F.3d 1120 (9th Cir. 2008) ................................................................ 13

*Wilson v. Ponce,*
 2022 WL 2155119 (C.D. Cal. Feb. 2, 2022) .......................................... 4, 6

*Wilson, et al. v. Ponce, et al.,*
 465 F. Supp. 3d 1037 (C.D. Cal. 2020) .................................................. 4, 9

**STATUTES**

18 U.S.C. § 1120 ..................................................................................................7

18 U.S.C. § 3582(c) .............................................................................................1

18 U.S.C. § 3582(c)(1)......................................................................................vi, 14

18 U.S.C. § 3582(c)(1)(A) ..............................................................................7, 14

18 U.S.C. § 4105 .................................................................................................7

28 U.S.C. § 2241 ..........................................................................................passim

28 U.S.C. § 2241(c)(3)......................................................................................2, 5

**RULES**

Fed. R. Civ. P. 12(c)..........................................................................................12

Fed. R. Evid. 706 ...............................................................................................3

**REGULATIONS**

28 C.F.R. § 542.10 .........................................................................................7, 15

28 C.F.R. § 542.13 ..............................................................................................7

28 C.F.R. § 542.14(a) ..........................................................................................7

28 C.F.R. § 542.15(a) .......................................................................................7, 8

## <u>NOTICE OF MOTION AND MOTION TO DISMISS HABEAS PETITION</u>

PLEASE TAKE NOTICE that respondent Brian Birkholz, in his official capacity as Warden of the Federal Bureau of Prisons ("BOP") Federal Correctional Complex, Lompoc, California ("FCC Lompoc") ("Respondent") will, and hereby does, move this Court for an order denying Rudy Cazarez's ("Petitioner") Petition for a Writ of Habeas Corpus ("Petition") with prejudice. A hearing date has not been set because Petitioner is *pro se* and in custody. This motion is made before the Honorable Michael R. Wilner, United States Magistrate Judge, Courtroom 550, located at 255 East Temple Street, Los Angeles, CA 90012.

Respondent brings the motion on the grounds that: (1) the Court lacks jurisdiction over the Petition because Petitioner seeks release based upon allegedly unconstitutional conditions of confinement relative to managing COVID-19 risk at FCC Lompoc, which is not a cognizable basis for habeas jurisdiction under 28 U.S.C. § 2241; (2) Petitioner's habeas claim was released by the class-wide settlement agreement entered into in the class action of *Garries, et al. v. Milusnic, et al.*, No. 2:20-cv-04450-CBM-PVC; (3) the Court lacks jurisdiction over Petitioner's request for compassionate release under 18 U.S.C. § 3582(c)(1) because the sentencing court is the Honorable John A. Houston of the Southern District of California; and (4) Petitioner failed to exhaust his administrative remedies before filing the Petition.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, the Declaration of Yolanda Sanchez ("Sanchez Decl."), filed concurrently herewith, and all pleadings, records, and other documents on file with the Court in this action, and upon any other information requested by the Court.

Respondent is exempt from the meet and confer procedure of L.R. 7-3 because Petitioner is proceeding *pro se*, in custody, and not an attorney. *See* L.R. 16-12(c).

/ / /

/ / /

/ / /

Dated: December 15, 2022                    Respectfully submitted,

                                            E. MARTIN ESTRADA
                                            United States Attorney
                                            DAVID M. HARRIS
                                            Assistant United States Attorney
                                            Chief, Civil Division
                                            JOANNE S. OSINOFF
                                            Assistant United States Attorney
                                            Chief, General Civil Section

                                            ____/s/ *Chung H. Han*_____
                                            CHUNG H. HAN
                                            Assistant United States Attorney

                                            Attorneys for Respondent

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3
4
5
6
7
8
9
10

On September 30, 2022, Petitioner filed an "emergency motion seeking immediate release from the BOP and termination of sentence under 28 U.S.C. § 2241 and relief from being held in custody in violation of the Eighth Amendment to the United States Constitution, and relief from conditions of confinement in violation of the Eighth Amendment, and relief from the BOP due to their inability to provide adequate medical care, and relief from the BOP repeated failured [sic] to execute and comply with the Federal Court's preliminary injunction order and relief from further psychological distress." Dkt. 1 (capitalization normalized).

11
12
13
14
15
16
17
18
19
20
21
22

On October 19, 2022, the Court issued an Order Re: Screening of Petitions, where the Court construed Petitioner's "emergency motion[]" as a "request[] for habeas relief under 28 U.S.C. § 2241."[1] Dkt. 5 at ¶ 1. As the Court noted, Petitioner and other inmates had filed this form "motion" and similar form objections in a class action litigation, *Torres, et al. v. Milusnic, et al.*, no. 2:20-cv-04450-CBM-PVC (later *Garries*). *Id.* at ¶¶ 1, 3-4. On November 10, 2022, Petitioner submitted a response summarizing his health, and personal details, such as the time spent in custody, classes completed, and plans should he be released from custody early. Dkt. 8. On November 15, 2022, the Court requested that the government respond to Petitioner's submissions, and to also address whether the Court is authorized to consider Petitioner's additional argument that he is entitled to a reduction in sentence under the First Step Act, 18 U.S.C. § 3582(c), or whether only the sentencing court can consider such request. Dkt. 10 at ¶¶ 3-4.

23

The Petition is defective and must be dismissed for multiple independent reasons.

24
25
26

**First**, Petitioner's claim regarding the alleged excessive COVID-19 risk at FCC Lompoc is not a valid basis for § 2241 habeas jurisdiction, and his Petition must be dismissed accordingly. *See* Dkt. 5 at ¶ 5 ("Moreover, the formulaic submissions

27
28

[1] This Order also pertained to *Lomeli v. Birkholz*, no. 2:22-cv-6889-JWH-MRW. Respondent separately moved to dismiss the petition filed by Lomeli in that action.

(augmented by unexplained raw medical and prison records) on their face do not convincingly make out a plausible or convincing case for termination of a criminal sentence.") (citing 28 U.S.C. § 2241(c)(3)). Indeed, almost all courts within this District and outside it have dismissed such petitions, finding that there is no habeas jurisdiction for conditions of confinement claims—particularly at this late stage of the pandemic, when this jurisdictional principle has become essentially universal.

**Second,** all claims that the BOP has engaged in *systemic* indifference to COVID-19 risk at FCC Lompoc that requires the release of inmates were resolved by the final class-wide settlement agreement in *Garries*, which was approved by the Court following certification of the settlement class. The *Garries* settlement agreement has a very broad release provision that explicitly released all of the class members' § 2241 petitions regarding the BOP's alleged systemic indifference to COVID-19 risk at the facility. While truly *individual* habeas claims that were based on facts specific to the individual could potentially lie outside that class-wide release, the instant Petition does not identify any such inmate-specific claim. To the contrary, it is a form motion, filed by multiple inmates in <u>Garries</u>, that challenges the BOP's systemic approach to COVID-19 risk at FCC Lompoc. As such, it is barred by the *Garries* settlement agreement.

**Third**, the Court does not have the authority to hear Petitioner's request for compassionate release under the First Step Act because it is not the sentencing court.

**Fourth,** the Petition fails because Petitioner did not exhaust his administrative remedies before bringing suit. To the extent that Petitioner had any individual claim regarding the alleged necessity for removing him from FCC Lompoc, that claim had to first be presented administratively to the BOP. It was not.

For all these reasons, Respondent respectfully requests that the Court dismiss the Petition with prejudice.

## II.   PROCEDURAL BACKGROUND—THE *TORRES/GARRIES* CASE

On May 16, 2020, a class action complaint was filed in the Central District of California, *Garries, et al. v. Milusnic, et al.*, No. 2:20-cv-04450-CBM-PVC (Honorable

Consuelo B. Marshall),[2] whereby the inmate petitioners asserted § 2241 habeas claims and Eighth Amendment civil claims regarding alleged excessive COVID-19 risk at FCC Lompoc.

On July 14, 2020, the district court certified a provisional class of inmates with health conditions[3] placing them at higher COVID-19 risk, and issued a preliminary injunction order requiring the BOP to evaluate each class member's eligibility for home confinement while giving substantial weight to the inmate's risk factors for severe illness or death from COVID-19, as well as to provide certain reporting. *Garries*, Dkt. 45. The preliminary injunction order did not require the BOP to change its measures to protect against COVID-19 risk, finding that the petitioners had failed to meet their burden to obtain injunctive relief on that point.

The case was thereafter litigated. The district court appointed an expert pursuant to Fed. R. Evid. 706, who inspected FCC Lompoc on three occasions and wrote three reports on his findings, on September 25, 2020, May 12, 2021, and March 4, 2022. *See id.*, Dkt. 101, 239, 367. The *Garries* petitioners and their counsel did not obtain any injunctive relief on the basis of these reports, and the reports did not identify any serious systemic ongoing deficiencies in COVID-19 risk at FCC Lompoc. *See id.*

On May 25, 2021, the respondents moved for summary judgment in *Garries*. Dkt.

---

[2] This case was initially filed under the name *Torres* with its named petitioners being Yonnedil Carror Torres, Vincent Reed, Felix Samuel Garcia, Andre Brown, and Shawn L. Fears. These original petitioners were subsequently dismissed with their departure from FCC Lompoc, and Richard Garries and Andrew Ybarra were substituted as the named petitioners.

[3] The provisional class was certified as "all current and future people in post-conviction custody at FCI Lompoc and USP Lompoc over the age of 50, and all current and future people in post-conviction custody at FCI Lompoc and USP Lompoc of any age with underlying health conditions, including chronic obstructive pulmonary disease; serious heart conditions such as heart failure, coronary artery disease, or cardiomyopathies; Type 2 diabetes; chronic kidney disease; sickle cell disease; immunocompromised state from a solid organ transplant; obesity (body mass index of 30 or higher); asthma; cerebrovascular diseases; cystic fibrosis; hypertension or high blood pressure; immunocompromised state from blood or bone marrow transplant; immune deficiencies; HIV, or those who use corticosteroids, or use other immune weakening medicines; neurologic conditions such as dementia; liver diseases; pulmonary fibrosis; thalassemia; Type 1 diabetes; and smokers (hereinafter, "Underlying Health Conditions")." *Garries*, Dkt. 45 at 48.

3

251. On February 3, 2022, respondents filed a notice of decision, citing the recent granting of summary judgment in the parallel class action that the petitioners' counsel had brought involving FCI Terminal Island, *Wilson, et al. v. Ponce, et al.*, 2:20-cv-4451-MFW-MRW (Honorable Michael W. Fitzgerald). *Id.*, Dkt. 357. Judge Fitzgerald found as a matter of law that the BOP was not violating the Eighth Amendment in managing COVID-19 risk at the facility by that stage of the pandemic. *Wilson v. Ponce*, 2022 WL 2155119, at *8 (C.D. Cal. Feb. 2, 2022) ("The current situation, happily, is far from the literally mortal situation that existed in the spring of 2020. … the Court must, consistent with separation of powers, defer to the Executive Branch's decisions on how a prison should be run."). Respondents urged that the same reasoning applied to the current conditions at FCC Lompoc.[4]

On June 27, 2022, the *Garries* parties entered into a class-wide Settlement Agreement that would resolve all of the class members' claims for habeas, injunctive, and declaratory relief regarding alleged systemic deficiencies in the BOP's response to managing COVID-19 risk at FCC Lompoc. *See* Settlement Agreement, *Garries*, Dkt. 443-1.[5] The *Garries* Settlement Agreement included a broad release of all the class members' non-monetary claims for habeas and injunctive relief, providing:

> Upon final approval of this Agreement by the district court, the named Petitioner and all members of the Settlement Class, as defined in Paragraph 2 above, individually and behalf of all their respective heirs, beneficiaries, successors and assigns, in consideration of the benefits of this Agreement, release and forever discharge the Respondents and BOP, and all their respective present and former officers, employees, agents, heirs, successors and assigns, from all actions, causes of action, suits, claims, or controversies, for any and all forms of non-monetary relief arising from or based on either: (i) any denial of home confinement or exercise of the BOP's statutory authority under the CARES Act to transfer prisoners to home confinement which may be brought during the time this Agreement is in effect, except as

---

[4] Respondents' motion for summary judgment was heard on January 4, 2022 (Dkt. 333), but a ruling on the motion was never issued.

[5] The Settlement Agreement was also attached in the companion case, *Lomeli v. Birkholz*, no. 2:22-cv-6889-JWH-MRW.

otherwise provided under this Agreement, or (ii) any acts or omissions alleged or that could have been alleged in the Action relating to risks associated with the COVID-19 pandemic occurring prior to the Effective Date. **For the avoidance of doubt, this release applies to any and all Class Members' habeas corpus cases pursuant to 28 U.S.C. § 2241 seeking any relief due to the COVID-19 pandemic for acts or omissions occurring prior to the Effective Date.**

*Id.* (bold emphasis added).

On June 15, 2022, the district court issued an order certifying a settlement class, giving preliminary approval of the Settlement Agreement, and setting a fairness hearing, as well as providing for notice to be given to the class members and establishing a process for FCC Lompoc inmates to submit objections to the proposed class settlement. *Id.*, Dkt. 431, 444 (amended).

Hundreds of FCC Lompoc inmates filed documents in *Garries* in objection to the proposed class settlement, including numerous form "emergency motions for immediate release" (like the instant Petition, with different names entered in the blank spaces), and other form requests for habeas relief. *See id.*, Dkt. 445-858. As this Court noted, Petitioner also filed objections in the *Garries* action. Dkt. 5 at ¶ 3 (citing *Garries*, Dkt. 385, 502, 613, 786, 821). Petitioner is a member of the class. Sanchez Decl. ¶ 5.

On October 7, 2022, the fairness hearing was held. On October 11, 2022, the district court issued a final order approving the Settlement Agreement. *Garries*, Dkt. 864. On October 14, 2022, the district court issued an order dismissing the case with prejudicing and vacating its preliminary injunction orders. *Id.*, Dkt. 865.

## III.   THE INSTANT SECTION 2241 HABEAS PETITION

On September 30, 2022, the instant Petition was filed as an "emergency motion." Dkt. 1. Since this is a form motion, it does not allege putative mistreatment that is specific to the Petitioner. *See id.* Rather it complains generally of substandard medical care at FCC Lompoc. *See id.* at 3. Inserted into the blank spaces of this form document is some information on the Petitioner's conviction and expected release date. *Id.* at 4. In the following space, of "underlining [sic] health conditions," Petitioner identifies his health

1  conditions as "1) cirrhosis with diffuse hepatocellular disease, 2) need liver transplant."

2  *Id.*

3       The Petition asserts that the conditions at FCC Lompoc violate the Eighth

4  Amendment because "[t]here is continuing no social distancing between inmates,

5  buildings that have been deem demolished but usable, poor ventilation, over-crowding of

6  inmates, contaminated surfaces (fomites) with pathologic microorganisms on everything

7  in our environment, infrequent COVID testing, inmates not reporting COVID symptoms

8  to avoid quarantine in Segregated Housing Units or the Hole (Freezer)."[6] *Id.* at 6-7.

9       Being a form motion, the Petition does not allege that the Petitioner has exhausted

10  his administrative remedies prior to filing the Petition, nor does he allege whether he

11  accepted the COVID-19 vaccine, which the BOP made available to FCC Lompoc

12  inmates beginning in December 2020—well before it was available for the general

13  public. *See Garries*, Dkt. 251-2 (Declaration of Jessica Figlenski ¶¶ 17-64).

14       The Petition narrates some history of the *Garries* class action litigation, and it

15  asserts that the BOP ignored the *Garries* court's orders. *See* Dkt. 1 at 7-9. The Petition

16  references and attaches multiple exhibits, including a page from the final *Garries*

17  Settlement Agreement as it was filed on the public docket, but does not attach the entire

18  Settlement Agreement, including the provision quoted above. *See id.*, Exh. 14 at 56 (a

19  page from *Garries*, Dkt. 443-1).

20       In its screening order, the Court allowed Petitioner until November 10, 2022, "an

21  opportunity to explain why [he is] entitled to further consideration of [his] claims in spite

22  of the deficiencies identified by the Court." Dkt. 5 at ¶ 6. On November 7, 2022,

23  Petitioner submitted his response, where he claimed that he was reformed, and that he

24  had been denied home confinement. *See* Dkt. 9. The Court noted in its November 15,

25

---

26  [6] These allegations are false. Just as the BOP did for its FCI Terminal Island facility in the case with the same petitioners' counsel, *Wilson v. Ponce*, where summary judgment

27  was granted, the BOP extensively documented and established its compliance with its COVID-19 Pandemic Response Plan and CDC guidance for correctional facilities at

28  FCC Lompoc, including inmate and staff testing, vaccinations, isolation and quarantine protocols, and sanitation. *See Garries*, Dkt. 251.

2022, minute order that Petitioner also cited 18 U.S.C. § 3582(c)(1)(A) under the First Step Act that allows for a reduction in a criminal sentence when "extraordinary and compelling reasons warrant such a reduction." Dkt. 10 at ¶ 2. But, as the Court noted, the First Step Act "authorizes <u>only</u> the original sentencing court to consider such a request." *Id.* at ¶ 3 (citing cases, emphasis in original).

Here, Petitioner was convicted of murder in Mexico on May 23, 2008, and sentenced to 23 years of confinement. Sanchez Decl. ¶ 4.a., Ex. A. He was transferred to the United States and the Respondent is administering Petitioner's sentence as a treaty transfer case under 18 U.S.C. § 4105. *Id.* Petitioner's Mexican crime has been determined by the U.S. Parole Commission to be most like 18 U.S.C. § 1120, Homicide by Escaped Prisoner. *Id.* ¶ 4.b. On September 25, 2010, Petitioner was committed to the custody of the United States. *Id.* ¶ 4.c. Assuming Petitioner earns all remaining Good Conduct Time, his projected release date is May 2, 2025. *Id.* ¶ 4.d. He has been incarcerated at FCC Lompoc since September 26, 2016. *Id.* ¶ 5.

## IV.  THE BOP ADMINISTRATIVE REMEDY PROGRAM

The BOP's Administrative Remedy Program for inmates is set out in the Code of Federal Regulations Title 28, §§ 542.10-542.19. Inmates may use the administrative remedy program to seek formal review of any aspect of their confinement. 28 C.F.R. § 542.10. The program is a four-tiered review process comprised of an informal resolution process and then formal requests to the Warden, the Regional Director, and the Office of General Counsel.

Inmates must first attempt to informally resolve their complaints at their institution. 28 C.F.R. § 542.13. If the issue cannot be resolved informally, inmates must present their initial Request for an Administrative Remedy, referred to as a "BP-9," to the Warden of the facility in which they are confined. 28 C.F.R. § 542.14(a). If an inmate is not satisfied with the Warden's response, he may submit a written appeal, known as a "BP-10," to the Regional Director of the region in which the inmate is confined. 28 C.F.R. § 542.15(a). The inmate has 20 calendar days from the date the

1  Warden signed the BP-9 response to appeal.  *Id*. If the inmate is not satisfied with the
2  Regional Director's response, he may submit an appeal, known as a "BP-11," to the
3  agency's Office of General Counsel. *Id*. An appeal to the Office of the General Counsel
4  is the final level of administrative appeal. *Id*.

5         Here, while Petitioner has filed administrative remedies during his incarceration at
6  FCC Lompoc, he did not exhaust them. *See* Sanchez Decl. ¶ 9, Ex. C. Petitioner's
7  administrative request related to an appeal of the denial of his request for compassionate
8  release/reduction in sentence, and home confinement due to medical issues. *Id.* ¶¶ 9.a.-c.
9  Petitioner, however, did not file an appeal from the Regional Director's denial. *Id.* ¶ 9.d.
10  Petitioner, moreover, has not submitted any claims seeking changes to the conditions at
11  FCC Lompoc with respect to the COVID-19 pandemic. *Id*. Petitioner therefore has not
12  exhausted any requests regarding substandard healthcare and/or conditions of
13  confinement at FCC Lompoc. *See id.*

14  **V.    ARGUMENT**

15         **A.    Petitioner's Challenge to his Conditions of Confinement at FCC
16                Lompoc Is Not a Valid Basis for § 2241 Habeas Jurisdiction.**

17         Prisoners may bring habeas petitions only to challenge "the validity of any
18  confinement or [the] particulars affecting its duration." *Muhammad v. Close*, 540 U.S.
19  749, 750 (2004) (per curiam); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Badea v.
20  Cox*, 931 F.2d 573, 574 (9th Cir. 1991). The Ninth Circuit has "long held prisoners may
21  not challenge mere conditions of confinement in habeas." *Nettles v. Grounds*, 830 F.3d
22  922, 933 (9th Cir. 2016) (en banc) (citing *Crawford v. Bell*, 599 F.2d 890, 891-92 (9th
23  Cir. 1979)); *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) (habeas jurisdiction is
24  absent "where a successful challenge to a prison condition will not necessarily shorten
25  the prisoner's sentence"). As numerous courts have found, where a petition challenges
26  prison conditions in response to the COVID-19 pandemic, it is "a classic conditions-of-
27  confinement claim that does not implicate the fact or duration of Petitioner's
28  confinement." *Luna v. Engleman*, 2022 WL 1211911, at *3 (C.D. Cal. Apr. 25, 2022)

(Honorable John W. Holcomb, summarizing recent decisions in this area).

With the single early exception in *Garries*, courts in this District have all drawn the same conclusion and dismissed habeas actions seeking release based on claims that an inmate's confinement during the Covid-19 pandemic violated his Fifth or Eighth Amendment rights—finding that such claims cannot be raised through a Section 2241 petition. *See, e.g., Graf v. Ponce*, 2022 WL 2102887, at *5-*6 (C.D. Cal. Feb. 2, 2022) (Honorable Virginia A. Phillips) ("This Court declines to exercise its discretion to carve out Petitioner's habeas allegations of unconstitutional conditions of confinement and convert these allegations into a separate civil rights action.") (citation omitted); *Miller v. Ponce*, 2022 WL 943056, at *2 (C.D. Cal. Feb. 8, 2022), accepted by 2022 WL 910948 (Mar. 28, 2022) (Honorable Mark C. Scarsi) (agreeing with earlier cases that habeas relief is not available); *Camillo-Amisano v. Ponce*, 2021 WL 3377237, at *4-*5 (C.D. Cal. June 22, 2021), accepted by 2021 WL 3371537 (Aug. 3, 2021) (collecting Central District cases and finding that habeas jurisdiction is unavailable) (Honorable Otis D. Wright II); *Bruno v. Warden*, 2021 WL 2323941, at *6 (C.D. Cal. May 14, 2021), accepted by 2021 WL 2313657 (C.D. Cal. June 7, 2021) (Honorable John F. Walter); *Tims v. Von Blanckensee*, 2021 WL 769692, at *2 (C.D. Cal. Jan. 26, 2021), accepted by 2021 WL 765417 (Feb. 26, 2021) ("to the extent Petitioner argues that his continued incarceration violates his Fifth and Eighth Amendment rights and seeks a sentence of time served due to the conditions of confinement implemented during the COVID-19 pandemic ..., his 'request for relief exceeds the Court's jurisdiction under Section 2241' and must be dismissed") (citation omitted); *Wilson, et al. v. Ponce, et al.*, 465 F. Supp. 3d 1037, 1047-49 (C.D. Cal. 2020) (Honorable Michael F. Fitzgerald) (federal habeas jurisdiction does not exist for a claim that release is required due to the institutional conditions caused by the Covid-19 pandemic, because this claim is not an attack on the validity of the prisoner's confinement or the particulars of its duration).

In fact, as recently as November 23, 2022, the Honorable Dolly M. Gee issued an order dismissing a habeas petition (like the instant Petition) that was filed as a form

"emergency motion" by an inmate in the *Garries* class action. *See Normandia v. Milusnic*, no. 2:22-cv-08205-DMG-ADS, Dkt. 4 (C.D. Cal. Nov. 23, 2022) (Order Dismissing Emergency Motion for Immediate Release Pursuant to Title 28 U.S.C. § 2241 Writ of Habeas Corpus) at 5:7-6:6 (agreeing with the "majority of district courts within the Ninth Circuit have found that claims of unconstitutional conditions of confinement based on COVID-19 are not cognizable on habeas review") (citing cases).[7] "[G]iven the weight of authority within the Ninth Circuit, the Court finds that Petitioner's claims are not cognizable in habeas review." *Id.* at 6:13-14. The reasoning in the *Normandia* order applies with equal force here.[8]

Rather, challenges to a prisoner's conditions of confinement must be brought through a civil rights action that seeks to resolve such allegedly deficient conditions, and not through a habeas corpus petition that seeks release from incarceration. *See Muhammad*, 540 U.S. at 750; *Badea*, 931 F.2d at 574. A civil rights action is the "proper remedy" for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser*, 411 U.S. at 499. "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas relief]" and, instead, should be brought as a civil rights claim "in the first instance." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

Here, Petitioner's allegations do not implicate a challenge to the underlying fact or duration of his confinement. Rather, he demands a habeas remedy based on the false theory that FCC Lompoc has failed to appropriately mitigate COVID-19 risk. Since the commencement of the pandemic, numerous other prisoners across the country have attempted to obtain such habeas-based release from incarceration on the same basis. In the absence of dispositive Circuit precedent, the overwhelming majority of district courts

---

[7] The *Normandia* decision was also attached in the companion case, *Lomeli v. Birkholz*, no. 2:22-cv-6889-JWH-MRW.

[8] The *Normandia* order was presented by the Honorable Autumn D. Spaeth.

10

within the Ninth Circuit and outside of it have concluded that such a claim is not cognizable in habeas review notwithstanding that the remedy requested is ostensibly release—and indeed, after a few exceptions issued at the very earliest stage of the pandemic, that principle has now become nearly universal.

The fallacy of the opposing view was vividly identified in *Jackson v. City of Twin Falls*, 2021 WL 982307, at *3-*4 (D. Id. Mar. 16, 2021): "Merely alleging that no conditions of confinement could possibly satisfy the Eighth Amendment—an allegation which every inmate could throw into any habeas corpus petition—does not magically transform the nature of a conditions-of-confinement claim" and "[r]equesting release as the remedy for unconstitutional prison conditions does not render the substantive conditions-of-confinement claim a challenge to the fact of an inmate's confinement." *Id*. As Judge Holcomb recently summarized in dismissing such a § 2241 habeas petition, even if some other type of habeas claim could theoretically be brought based on conditions of confinement, such a petition—pursuant to Supreme Court guidance— would not apply to prisoner claims regarding risk from the COVID-19 pandemic:

> There is nothing alleged in the Petition to support a finding that immediate release from an existing, valid conviction and sentence imposed by another federal court is the only relief appropriate here and that only habeas review will suffice.

*Luna*, 2022 WL 1211911, at *5 (citing *Camillo-Amisano*, 2021 WL 3377237, at *5). *Luna* noted that only one court in this District had disagreed with the finding of no habeas jurisdiction in this context: *Torres v. Milusnic*, 472 F. Supp. 3d 713 (C.D. Cal. 2020) (later renamed *Garries*). But as *Luna* further noted, no other court had subsequently agreed with *Torres* on this point, and so "this Court joins with the vast weight of authority in this District finding that claims by federal prisoners seeking release from confinement based on conditions caused by the Covid pandemic may not be raised through a Section 2241 habeas action." *Luna*, 2022 WL 1211911, at *5.

Here, Petitioner could apply for compassionate release to the sentencing court,

11

which "is the more appropriate venue for deciding whether release is warranted, and in particular, the specific conditions of release that should apply to Petitioner." *Id.* at *6. Habeas jurisdiction, however, is not available. Respondent thus respectfully requests that the Court deny Petitioner's motion for release with prejudice on this basis.

**B.    The Petition is Precluded by the *Garries* Settlement Agreement, Which Released All Class Members' § 2241 Habeas Claims Based On Alleged Systemic Indifference to COVID-19 Risk at FCC Lompoc.**

A Rule 12(b)(6) motion to dismiss may be brought on the grounds that the plaintiff's claims are barred by a settlement release where (as here) the settlement agreement is a public record, its authenticity is not reasonably disputed, and it is referenced in the plaintiff's claims. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (affirming grant of motion to dismiss where complaint refers to the document, it is central to claim, and no party questions authenticity of copy attached to the motion); *Deerpoint Group Inc. v. Agrigenix, LLC*, 345 F. Supp. 3d 1207 (E.D. Cal. 2018) (dismissing pre-settlement claims pursuant to settlement agreement release provision); *Halldorson v. Sandi Group*, 934 F. Supp. 2d 147, 151 (D.D.C. 2013) (dismissing claims as barred by settlement agreement).[9] Here, there is no dispute regarding the Settlement Agreement's authenticity, it is a public record, and the Petition references and attaches as its Exhibit 14 a page from the final *Garries* Settlement Agreement. *See* Dkt. 1 at 56 (*Garries* Dkt. 443-1). Accordingly, it is proper to move to dismiss on this basis.

As discussed above, the *Garries* lawsuit was resolved by a final Settlement Agreement that resolved the class members' claims for injunctive relief and § 2241 habeas relief regarding alleged systemic deficiencies in FCC Lompoc's response to

---

[9]  Some courts resolve this issue by a Fed. R. Civ. P. 12(c) motion. *See Oliver v. Jess*, 2022 WL 1555241, * (E.D. Wis. May 17, 2022) (dismissing prisoner's conditions of confinement claims because they were released by a settlement agreement filed in another case, of which the court took judicial notice). Other courts reach the issue by converting a motion to dismiss into a Rule 56 motion for summary judgment. *See, e.g., Tyson v. Assa Abloy Door Group, LLC*, 2016 WL 2903295, *5 (W.D. Tenn. May 18, 2016) (granting motion).

COVID-19 risk for vulnerable inmates incarcerated at the facility (i.e., those who had one or more of the "underlying Health Conditions"). *See Garries* Dkt. 443-1.[10] Petitioner is a class member, since he claims the underlying Health Conditions. *See* Petition; Sanchez Decl. ¶ 5.

In exchange for the BOP undertaking certain obligations, the Settlement Agreement released these class members' claims for non-monetary relief regarding home confinement and COVID-19 risk at FCC Lompoc, including under 28 U.S.C. § 2241. Settlement Agreement ¶ 15 (*Garries* Dkt. 443-1). Insofar as the Petition is based on the BOP's alleged systemic indifference to addressing COVID-19 risk at FCC Lompoc, the class members released all such claims via the Settlement Agreement, since they are based on the same factual predicate. *See Hesse v. Sprint Corp.*, 598 F.3d 581, 590-91 (9th Cir. 2010) (whether settlement agreement precludes related claims depends on "whether those claims depended on the same set of facts as the claims that gave rise to the settlement."); *Williams v. Boeing Co.*, 517 F.3d 1120, 1133-34 (9th Cir. 2008) (identical factual predicate standard determines the scope of released claims).

Petitioner may argue that his § 2241 habeas petition is not precluded by the *Garries* Settlement Agreement, because he seeks individual release. That would only be true, however, where the claim was actually independent of the class-wide claims for release based on alleged constitutional violations regarding COVID-19 risk that were raised and litigated in *Garries*—i.e. where the asserted claim at issue was *actually individual* to the Petitioner, meaning it was specific to their own facts, and so it could not have been raised under a class-wide habeas theory in *Garries*.

Here, the Petition is explicitly based on the BOP's alleged *systemic* failures to properly manage COVID-19 risk at FCC Lompoc over the past two years, including its

---

[10] The "Settlement Class" was defined by the Settlement Agreement as follows: "all members of the 'Settlement Class,' also referred to as the 'Class Members,' which consists of any person who is incarcerated at FCC Lompoc anytime from the date this Agreement is signed by the parties, i.e. May 17, 2022, until the termination date of this Agreement, i.e. December 17, 2022, unless otherwise modified by the parties pursuant to the terms of this Agreement, who has one or more of the Underlying Health Conditions."

alleged failure to heed the *Garries* court's orders—the same issues litigated at length in *Garries*.[11] Accordingly, the Petition is precluded by the *Garries* release, which released all § 2241 claims that were raised or that could have been raised in that case.

In sum, the Petition lacks § 2241 habeas jurisdiction, and so must be dismissed, but even if there were such jurisdiction, Petitioner's habeas claim was released by the *Garries* Settlement Agreement, and so must still be dismissed.

### C.    Only the Sentencing Court Can Grant a Compassionate Release.

In its November 15, 2022, minute order, the Court cited three District court cases concluding that only the sentencing court is authorized to consider a compassionate release request under the First Step Act. Dkt. 10 at ¶ 3. In one of these cases, *Bolden v. Ponce*, 2020 WL 2097751, at *2 (C.D. Cal. May 1, 2020) (Honorable John F. Walter), the Court found that "to the extent Petitioner seeks modification of his sentence or compassionate release pursuant to 18 U.S.C. § 3582(c)(1) because of the COVID-19 pandemic, Petitioner has directed his request to the wrong court and mistaken his legal basis for potential relief." *Bolden* concluded that only the sentencing court has the authority to grant release under § 3582(c)(1)(A). *Id.*, citing *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020); *Rodriguez-Aguirre v. Hudgins*, 739 F. app'x 489, 491 n. 2 (10th Cir. 2018); and the two district court cases cited by this Court, *Tody v. Swain*, 2019 WL 7842560, at *2 (C.D. Cal. Nov. 26, 2019) (Honorable Percy Anderson) and *Mohrbacher v. Ponce*, 2019 WL 161757, at *1 (C.D. Cal. Jan. 10, 2019) (Honorable Dolly M. Gee). Judge Walter noted that "[w]hile the Ninth Circuit has yet to announce its agreement with this rule in a published opinion, there is no reason to think it will diverge from the same straightforward interpretation unanimously shared by the federal courts." *Id.* at n.2 (citations omitted).

---

[11] The *Garries* court found it had habeas jurisdiction (albeit erroneously, as discussed above) *because* its petitioners had requested release as their putative only remedy. Conversely, however, if such class-wide § 2241 habeas claims for release were *not actually raised* in *Garries* and resolved via its class-wide Settlement Agreement, then axiomatically the *Garries* court never had any valid § 2241 habeas jurisdiction to assert over its respondents (the FCC Lompoc warden and the BOP) in the first place.

Similarly, Respondent has been unable to find any Ninth Circuit agreement with this interpretation, but courts within this district continue to find that only the sentencing court has the authority to consider a request for compassionate release under § 3582(c)(1). *See, e.g., Mitchell v. Engleman*, 2021 WL 4641945, at *1 (C.D. Cal. Sep. 9, 2021) (Honorable John W. Holcomb) (citing *United States v. Ono*, 72 F.3d 101, 102 (9th Cir. 1995) (a motion under § 3582(c) "is undoubtedly a step in the criminal case" that "requires the [sentencing] court to reexamine the original sentence"); *accord Tims v. Von Blanckensee*, 2021 WL 769692, at *4 (C.D. Cal. Jan. 26, 2021) (Honorable John E. McDermott) (report and recommendation accepted, 2021 WL 765417 (C.D. Cal. Feb. 26, 2021) (Honorable Otis D. Wright II); *Rand v. Carvajal*, 2021 WL 3411198, at *2 (C.D. Cal. May 21, 2021) (Honorable Alexander F. MacKinnon) (report and recommendation accepted, 2021 WL 3405371 (C.D. Cal. Aug. 4, 2021) (Honorable André Birotte Jr.).

For these reasons, Petitioner's request to this Court is improper, and his § 3582(c)(1)(A) request under the First Step Act should be denied.

**D.     The Petition Should Also be Dismissed Because Petitioner Has Failed to Exhaust His Administrative Remedies.**

Federal courts have an independent obligation to examine their own jurisdiction and may not entertain an action in which jurisdiction is lacking. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). A § 2241 habeas petition may be filed by a federal prisoner to attack the "execution of his sentence," but not to attack its validity. *White v. Lambert*, 370 F.3d 1002, 1009 (9th Cir. 2004); *Hernandez*, 204 F.3d at 864. For federal prisoners such as Petitioner, the BOP has an administrative remedy procedure by which inmates can seek formal review of their complaints regarding any aspect of imprisonment through the submission of a specified series of administrative remedy requests and forms upward through the "final administrative appeal" that renders a claim administratively exhausted. *See* 28 C.F.R. §§ 542.10, 542.13-542.15; *Nigro v. Sullivan*, 40 F.3d 990, 992 (9th Cir. 1994).

While exhaustion is not a jurisdictional prerequisite, for prudential reasons, federal courts require § 2241 petitioners to exhaust their administrative remedies prior to seeking habeas relief. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012); *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990); *see also Singh v. Napolitano*, 649 F.3d 899, 900 (9th Cir. 2011); *Laing v. Ashcroft*, 370 F.3d 994, 997-98 (9th Cir. 2004). Requiring a petitioner to exhaust his administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum," conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level," and allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam). Dismissal is appropriate where a federal prisoner has not exhausted the administrative remedies made available by the BOP. *Martinez v. Roberts*, 804 F.3d 570, 571 (9th Cir. 1986) (per curiam). This principle is particularly important if an inmate contends that there is something genuinely "specific" about his conditions of confinement, which other inmates do not share. The BOP must be given opportunity to address such an allegedly individual claim administratively.

Here, Petitioner did not exhaust administrative remedies as to conditions of confinement, even though he utilized the BOP administrative remedy procedure repeatedly during his incarceration at FCC Lompoc. *See* Sanchez Decl. ¶¶ 9a.-d.  He sought administrative review of the denial of home confinement and compassionate release, but by contrast he did not administratively seek a remedy against his conditions of confinement. *Id.* ¶ 9.d. Even if Petitioner's complaints were cognizable under § 2241 (which they are not), his failure to exhaust his conditions-of-confinement complaint would therefore serve as an additional basis for dismissing this action.

## VI.   CONCLUSION

For the foregoing reasons, Respondent respectfully requests that the Court dismiss the Petition with prejudice.

1    Dated: December 15, 2022

                                           Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section


    /s/ *Chung H. Han*
CHUNG H. HAN
Assistant United States Attorney

Attorneys for Respondent

17